O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. CHISM, | No. EDCV 13-419-OP |
| Plaintiff, | |
| v. | ORDER RE: DISMISSAL OF SOCIAL SECURITY COMPLAINT FOR FAILURE TO PROSECUTE |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

On March 13, 2013, Raymond E. Chism ("Plaintiff") filed a Complaint for Review of the Proceedings Before Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g) and 1383(c), after having been granted leave to proceed *in forma pauperis*.[1] (ECF Nos. 2, 3.) On March 21, 2013, the Court issued its Case Management Order ("CMO"). (ECF No. 6.) On August 16, 2013, Defendant filed an Answer to the Complaint. (ECF

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

1

No. 13.) On the same date, Defendant filed a Notice Re: Service of Certified Administrative Record upon Plaintiff, along with a proof of service. (ECF No. 14.)

The CMO states in part that "[w]ithin twenty-one (21) days of the date of filing of the answer, plaintiff's counsel shall prepare and deliver to the AUSA a draft of plaintiff's portions of the Joint Stipulation (prepared as described in section VIII, paragraphs A, B, C, D subparagraph a, and E)." (ECF No. 6 at 7, 8.) The CMO also states in part that "[w]ithin twenty-one (21) days of the date of service of a copy of the administrative record, plaintiff shall prepare and deliver to the Assistant United States Attorney ("AUSA") representing the Commissioner a written and detailed proposal of settlement." (ECF 6 at 3.) On November 25, 2013, Plaintiff's attorney of record filed a Motion to Withdraw as Attorney of Record based on the deterioration of the attorney-client relationship. (ECF No. 17.) On December 2, 2013, the Court granted counsel's motion to withdraw as attorney of record. (ECF No. 18.)

As of January 27, 2014, there had been no further communication with the Court from either Plaintiff or Defendant. Accordingly, on January 27, 2014, the Court ordered Plaintiff and Defendant shall to file a status report no later than February 28, 2014, addressing whether Plaintiff is in compliance with the aforementioned terms of the CMO. If Plaintiff was not in compliance the aforementioned terms, Plaintiff was ordered to show cause no later than February 28, 2014, why this case should not be dismissed for failure to prosecute. Plaintiff's compliance with the aforementioned terms of the CMO no later than February 14, 2014, were to be deemed compliance with the order to show cause. The Court admonished Plaintiff that his failure to do so shall result in a recommendation of dismissal of this action without prejudice for failure to prosecute and/or comply with a Court order. (ECF No. 19.) On January 28, 2014, Defendant filed a status report in accordance with the Court's order. (ECF No. 20.) To date, Plaintiff has not filed the status report, has not requested an extension of time to do so, and has not otherwise communicated with the Court.

For the reasons set forth below, the Court dismisses the Complaint without prejudice due to Plaintiff's failure to prosecute.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Here, Plaintiff has failed to file the aforementioned status report or request an extension of time to do so despite being advised that failure to do so could lead to the dismissal of the action for failure to prosecute. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. Thus, the first two factors weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to file the aforementioned status report. Thus, the fourth factor weighs in favor of dismissal.

Finally, the Court attempted to avoid dismissal by allowing Plaintiff additional time to file the status report and by advising him that failure to do so could lead to the dismissal of the action for failure to prosecute. Plaintiff has not filed the status report, has not requested an extension of time to do so, and has not otherwise communicated with the Court. Thus, the fifth factor weighs in favor of dismissal. Based on the foregoing, the Court concludes that dismissal of the Complaint due to Plaintiff's failure to prosecute is warranted.

## III.

## ORDER

IT IS THEREFORE ORDERED that the Complaint is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: April 2, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge